UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LEE MYLES ASSOCIATES CORP.,

               Plaintiff,

v.

PAUL RUBKE ENTERPRISES, INC., *et al.*,

               Defendants.

Civil No. 07cv1651-L(WMC)

**ORDER**

**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; AND**

**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE**

     In this breach of contract and trademark infringement action, Plaintiff Lee Myles Associates Corp. claims that Defendants Paul Rubke Enterprises, Inc., Paul S. Rubke and Rilla R. Rubke breached a license agreement with Plaintiff for an automobile transmission servicing franchise and infringed on Plaintiff's trademarks, among other things. The court has federal question jurisdiction over the claims for trademark infringement, unfair competition, and false description pursuant to 15 U.S.C. §§ 1114 and 1125. The court has supplemental jurisdiction over the remaining state law claims.

     Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and strike pursuant to Rule 12(f), which Plaintiff opposed. Plaintiff stipulated to dismissal of its claim for injury to business reputation. For the reasons which follow, Defendants' motions are granted in part and denied in part.

07c813

On April 19, 2003, Plaintiff entered into a License Agreement ("License") with Defendants to grant them the right to use Plaintiff's registered marks, its system for transmission servicing, repair and replacement, and a related business operations and marketing plan in exchange for a license fee, royalties, and other payments for a fifteen-year term. (Compl. Ex. C (License) at 1-3.) Plaintiff alleges Defendants failed to make the appropriate effort to successfully operate their Lee Myles Center, in part because they failed to participate in Plaintiff's training programs. (Compl. ¶ 13.) In addition, Defendants failed to pay the advertising fees as required under the License and therefore did not have sufficient advertising to support their business. (*Id*. ¶ 14.) Defendants also refused to make other payments under the License. (*Id*. ¶ 15.)

In March 2005, Defendants attempted to terminate the License by subleasing the premises; however, Plaintiff objected to and prevented the sublease. (*Id*. ¶ 16.) Subsequently, Defendants refused to report their gross sales and pay royalties as required by the License. (*Id*. ¶ 17.) Defendants also began making disparaging and untrue statements about Plaintiff to several of Plaintiff's Area Development Representatives ("ADR") and franchisees in other markets, and caused Plaintiff to lose prospective contracts. (*Id*. ¶ 18.) Defendants continued to use Plaintiff's Lee Mayles marks to gain customers and advance their own transmission and auto care business. (*Id*. ¶ 19.) On April 27, 2007, Defendants attempted to terminate the License without good cause. (*Id*. ¶ 25.) The License requires a showing of good cause for a licensee to terminate before the expiration of the 15-year term. (*Id*. Ex. C § 14.1.)

On July 6, 2007, Plaintiff filed a complaint in state court alleging causes of action for breach of contract, misappropriation of trade secrets, defamation, intentional interference with prospective economic advantage, fraud, trademark infringement, unfair competition under California Unfair Competition Law and the Lanham Act, false description and injury to business reputation. Plaintiff seeks damages, including liquidated and punitive damages, and injunctive relief. (*Id*. at 20-23.) Defendants removed the case to this court and moved to dismiss all but the breach of contract claim and to strike certain demands for relief.

/ / / / /

07c813

1    Initially, Defendants argue that statute of limitations has expired on claims for

2    misappropriation of trade secrets, defamation, fraud, and intentional interference with

3    prospective economic advantage.  While California substantive law applies in this diversity case

4    to determine the elements of the legal claims alleged and the applicable statutes of limitations,

5    procedure is governed by federal law.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).  A Rule

6    12(b)(6) motion to dismiss tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d

7    729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

8    does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

9    entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

10   elements of a cause of action will not do.  Factual allegations must be enough to raise a right to

11   relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

12   (2007) (internal quotation marks, brackets and citations omitted).  In reviewing a motion to

13   dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must

14   construe them in the light most favorable to the nonmoving party.  *Cahill v. Liberty Mut. Ins.*

15   *Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions need not be taken as true merely

16   because they are cast in the form of factual allegations.  *Roberts v. Corrothers*, 812 F.2d 1173,

17   1177 (9th Cir. 1987); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Similarly,

18   "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion

19   to dismiss."  *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998.)

20   "A motion to dismiss based on the running of the statute of limitations period may be

21   granted only 'if the assertions of the complaint, read with the required liberality, would not

22   permit the plaintiff to prove the statute was tolled.'"  *Supermail Cargo, Inc. v. United States*, 68

23   F.3d 1204, 1206-07 (9th Cir. 1995), quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682

24   (9th Cir. 1980).  The motion must be denied if the factual and legal issues are not sufficiently

25   clear to permit a determination with certainty whether the action was timely.  *See Supermail*

26   *Cargo*, 68 F.3d at 1207.

27   Defendants argue that the statute of limitations for misappropriation of trade secrets has

28   expired.  The parties agree that "[a]n action for misappropriation must be brought within three

07c813

years after the misappropriation is discovered or by the exercise of reasonable diligence should
have been discovered. . . ." Cal. Civ. Code § 3426.6. Defendants point to Paragraphs 13 and
21 of the Complaint (Reply at 1), which allege that "[f]rom the time of contracting [on or about
April 19, 2003], Defendants failed to make the appropriate effort to successfully operate the Lee
Myles Center [and] spent much of their time out of their Center running another family
business." Defendants argue that these allegations demonstrate Plaintiff was on notice of and
therefore should have discovered, the alleged misappropriation from the date of the License.
Reading Paragraphs 13 and 21, as well as the Complaint in its entirety, in the light most
favorable to the nonmoving party, *Cahill*, 80 F.3d at 337-38, and without drawing any
unwarranted inferences, *Pareto*, 139 F.3d at 699, the court finds that Defendants' interpretation
is without support. Based on the allegations, the time of Plaintiff's discovery is unclear. The
untimeliness of the complaint must appear beyond doubt on the face of the complaint, before a
claim will be dismissed as time-barred. *See Supermail Cargo*, 68 F.3d at 1206-07. Accordingly,
to the extent Defendants seek dismissal of the misappropriation of trade secrets claim as time
barred, their motion is denied.

Defendants next contend that the defamation claim is time barred. The parties agree that
the applicable statute of limitations is one year pursuant to California Code Civil Procedure
Section 340(c). Defendants point to paragraphs 16 and 18, which state that Defendants
attempted to sublease their premises in March 2005 and started spreading untrue disparaging
representations about Plaintiff after that time. Defendants interpret the complaint to allege that
the disparagement commenced "directly after" March 2005. (Defs' P&A at 5.) Nowhere in the
complaint does Plaintiff allege when the disparaging representations commenced. Reading the
Complaint in the light most favorable to the nonmoving party and without drawing any
unwarranted inferences, the court finds it alleges that the disparagement started at some point
after March 2005. To the extent Defendants contend that the defamation claim is untimely, their
motion to dismiss is denied.

Defendants also maintain that the statute of limitations for intentional interference with
prospective economic advantage has expired. They rely on Paragraph 47 of the Complaint

07c813

1  (Defs' P&A at 5-6; Reply at 1-2), which states that

2      after Plaintiff denied Defendants' attempt to sublease the licensed location,
       Defendants . . . intentionally interfered with Plaintiff's prospective economic
3      relationships by making false, defamatory representations to Plaintiff's existing
       and potential ADRs and franchisees.
4

5  Because the Complaint does not allege when the intentional interference occurred, the

6  untimeliness does not appear on its face, regardless of the length of the applicable statute of

7  limitations.  Accordingly, to the extent Defendants contend the interference claim is untimely,

8  their motion to dismiss is denied.

9      Defendants next argue that the three-year statute of limitations bars the fraud claim.  See

10 Cal. Code Civ. Proc. § 338(d).  Defendants rely on Paragraphs 13 and 52 of the Complaint,

11 which allege:

12     From the time of contracting, Defendants, and each of them, failed to make the
       appropriate effort to successfully operate the Lee Myles Center.  . . . Defendants
13     spent much of their time out of their Center running another family business.
       . . .
14     Defendants made representations of material fact to Plaintiff, in that Defendants
       represented to Plaintiff that Defendants intended to contract with Plaintiff for the
15     purpose of gaining the right to own and operate a Lee Myles franchise.

16 Defendants argue that these facts put Plaintiff on notice at the time of contracting.  (Defs' P&A

17 at 6.)  The statute begins to run when the plaintiff discovered or by the use of reasonable

18 diligence could have discovered the fraud.  Cal. Code Civ. Proc. § 338(d).  The Complaint does

19 not allege when Plaintiff discovered the alleged fraud or when it could have discovered it.  To

20 the extent Defendants contend the fraud claim is untimely, their motion to dismiss is denied.

21     Defendants next argue that the claims for trademark infringement, unfair competition

22 under California and federal law, and false description are all time barred.  Defendants'

23 argument as to all these causes of action depends on their interpretation of Paragraph 62 of the

24 Complaint which alleges that

25     Following Plaintiff's rejection of Defendants' attempted sublease, Defendants
       changed the name of the transmission service business at the licensed location
26     from "Lee Myles" to Paul's Transmissions.  Defendants also refused and failed to
       provide Plaintiff with Defendants' gross sales numbers and refused and failed to
27     pay Plaintiff royalties as Plaintiff's franchisee.

28 / / / / /

07c813

1    Defendants argue that this paragraph shows the infringement commenced on or about March

2    2005, when Plaintiff rejected their attempted sublease.  (Defs' P&A at 11-12.)  As previously

3    discussed, this interpretation of the Complaint is not warranted.  Accordingly, to the extent

4    Defendants contend the trademark infringement, unfair competition under California and federal

5    law, and false description claims are untimely, their motion to dismiss is denied.

6    Defendants also argue that several claims should be dismissed for failure to state a claim.

7    Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory.

8    *Robertson v. Dean Witter Reynolds, Inc.*,749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v.*

9    *Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the

10   basis of a dispositive issue of law").  Alternatively, a complaint may be dismissed where it

11   presents a cognizable legal theory yet fails to plead essential facts under that theory.  *Robertson*,

12   749 F.2d at 534.

13   With respect to the defamation claim, Defendants complain that Plaintiff did not

14   specifically allege the actual defamatory statements, did not allege what losses it suffered and

15   how they were caused, did not allege damages with particularity and failed to allege good

16   business reputation as required by California law.  (Defs' P&A at 6-8.)

17   While California substantive law applies in this diversity case, procedure is governed by

18   federal law.  *Erie R.R. Co.*, 304 U.S. 64.  There is no doubt that California law determines the

19   elements of the cause of action.  *Id.*  The same is not true of the requirements to plead the cause

20   of action so as to avoid dismissal for failure to state a claim.  Where an issue is directly covered

21   by the Federal Rules of Civil Procedure, federal law controls.  It is immaterial that the claim

22   sued upon arises under state law and a different result would have been reached in a state court

23   action.  *Hanna v. Plumer*, 380 U.S. 460 (1965); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

24   1102 (9th Cir. 2003).  Manner of pleading and dismissal for failure to state a claim are directly

25   covered by Rules 8 and 12(b)(6).  Rule 8(a)(2) requires a short and plan statement of the claim

26   for relief necessary to provide Defendants with fair notice so as to enable them to respond.

27   Under California law, defamation is an invasion of the interest in reputation.  5 B.E.

28   Witkin, Summary of Cal. Law § 529 (10th ed. 2005).  The elements of defamation are "(a) a

07c813

1   publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural

2   tendency to injure or that causes special damage."  *Id.*

3        Plaintiff alleged

4        Defendants made false, mean-spirited and vile representations to several Plaintiff's
         ADRs and franchisees regarding Plaintiff's business practices . . . [¶] . . . with the
5        intent to cause injury to Plaintiff's contractual relationships and overall business
         reputation.  [¶] These representations were untrue, and were understood by those
6        who heard them in a manner which defamed Plaintiff.  . . . Defendants['] false,
         mean-spirited and vile representations have caused other ADRs and franchisees to
7        question their contractual relationships with Plaintiff.  [¶]  Defendants . . made
         such false representations to prospective ADRs and franchisees which caused the
8        loss of several prospective contracts with such potential ADRs and franchisees.
         [¶] As a legal result of Defendants' defamatory representations, Plaintiff has
9        suffered severe damage to its reputation and to its relations with its existing and
         potential ADRs and franchisees.  . . .
10

11   (Compl. ¶¶ 38-42.)  The Complaint sufficiently alleges the elements of defamation under the

12   liberal pleading requirements of Rule 8.

13        Defendants argue Plaintiff did not sufficiently allege the cause of action for intentional

14   interference with prospective economic advantage because it failed to allege independently

15   wrongful conduct, existence of an economic relationship with a third party with the probability

16   of future economic benefit, and for failure to specifically identify the profitable contracts

17   Plaintiff alleged to have lost.

18        The elements of intentional interference with prospective economic advantage are:

19        (1) an economic relationship between the plaintiff and some third party, with the
         probability of future economic benefit to the plaintiff; (2) the defendant's
20        knowledge of the relationship; (3) intentional acts on the part of the defendant
         designed to disrupt the relationship; (4) actual disruption of the relationship; and
21        (5) economic harm to the plaintiff proximately caused by the acts of the defendant.

22   *Youst v. Longo*, 43 Cal.3d 64, 71 n.6 (1987).  In addition, the plaintiff must plead "that the

23   defendant . . . engaged in conduct that was wrongful by some legal measure other than the fact

24   of interference itself."  *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 393

25   (1995); *see also* 5 Witkin, Summary of Cal. Law § 742.

26        Plaintiff alleges

27        A prospective economic advantage existed between Plaintiff and several of
         Plaintiff's ADRs, franchisees, and prospective ADRs and franchisees in that
28        Plaintiff was likely to enter into contracts with such persons to the economic

7

advantage of Plaintiff. [¶] . . . Defendants . . . knew of the existence of Plaintiff's prospective economic relationships with its ADRs, franchisees and potential ADRs and franchisees, because Defendants' status as an ADR and franchisee made Defendants aware of other existing and potential ADRs and franchisees with which Plaintiff had prospective economic relationships. [¶] . . . Defendants . . . intentionally interfered with Plaintiff's prospective economic relationships by making false, defamatory representations to Plaintiff's existing and potential ADRs and franchisees. [¶] . . . [S]uch representations were designed to interfere with and disrupt the economic relationship between Plaintiff and its existing and potential ADRs and franchisees. [¶] As a direct, foreseeable and legal result of Defendants['] interference, Plaintiff has lost out on profitable contracts with existing and potential ADRs and franchisees. . . .

(Compl. ¶¶ 45-49.)

The allegation of "prospective economic relationships" with prospective ADRs and franchisees does not support a claim for intentional interference with prospective economic advantage. This cause of action "protects the expectation the relationship will produce the desired benefit, not 'the more speculative expectation that a potentially beneficial relationship will arise.'" *Sole Energy Co. v. Petrominerals Corp.*, 128 Cal. App. 4th 212, 243 (2005), quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1164 (2003). However, because the Complaint also alleges existing economic relationships, it is sufficient to state a claim. The element of independently wrongful conduct is satisfied because the claim is based on defamation, a tort independent of the alleged interference. Defendants' remaining arguments run afoul of the liberal pleading requirements of Rule 8. Accordingly, Defendants' motion to dismiss the claim for intentional interference with prospective economic advantage is denied.

Defendants next argue that Plaintiff did not sufficiently allege trademark infringement. They contend that the complaint alleges that third parties over whom they have no control, and not Defendants themselves, infringed Plaintiff's trademarks.

The elements of trademark infringement are: (1) plaintiff's ownership of a valid, protectable trademark; (2) defendant's use of the same or similar symbol without plaintiff's consent in a manner that is likely to cause confusion among ordinary purchasers as the source of the goods or services; and (3) plaintiff was damaged by defendant's infringement. *See* 9th Cir. Model Jury Instr. 15.5 & Cmt.

/ / / / /

8

07c813

Plaintiff alleges trademark infringement under 15 U.S.C. § 1114.  (Compl. ¶ 65.)  Section 1114 provides protection only of registered marks.  *Brookfield Commc'n, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1047 n.8 (9th Cir. 1999).  Plaintiff has registered service marks for Lee Myles Transmissions and Lee Myles Transmissions & Autocare and related symbols. (Compl. ¶ 10.)  Plaintiff then licensed the use of these marks to Defendants, but Defendants allegedly breached the License.  (*Id.* ¶¶ 11-18 & License ¶ 1.1.)  Specifically, Plaintiff alleges that

> Since the business relationship between Defendants and Plaintiff deteriorated, Defendants have continued to use Plaintiff's name, logo and trademark to facilitate their own separate transmission and auto care service business.  For example, Defendants have used and are using the advertised Lee Myles telephone number and the Lee Myles Autocare and Lee Myles Transmissions and Autocare links found on www.superpages.com to gain customers for Defendants' transmission service business, Paul's Transmissions.

(*Id.* ¶ 19; *see also id.* ¶¶ 62-65.)  "When a potential customer calls the Lee Myles telephone number or clicks the Lee Myles internet link in the licensed area, the customer is actually contacting Defendants' Paul's Transmissions rather than a licensed Lee Myles Center."  (*Id.* ¶ 63.)  Plaintiff further alleges that

> Defendants' use of the Lee Myles name and trademark for the purpose of obtaining customers comprises an infringement of the Lee Myles trademark and is likely to cause confusion, mistake and deception of the public as the identity of Defendant's [*sic*] transmission service business, causing irreparable harm to Plaintiff . . ..

(*Id.* ¶ 64.)

Plaintiff specifically alleges Defendants' unauthorized use of the phone number and links on a third-party website.  Although the court notes, without deciding, that Defendants' continued use of the telephone number may constitute breach of contract, it does not constitute trademark infringement.  The telephone number is not Plaintiff's registered mark.  Furthermore, Plaintiff does not allege that Defendants exercise any amount of control over the superpages website.  To the extent the trademark infringement claim is based on the telephone number and third-party website, it lacks a cognizable legal theory.  However, Plaintiff also alleges Defendants' use of Plaintiff's registered marks, which is sufficient to support the infringement claim.

/ / / / /

9

07c813

With regard to infringement of its registered marks, Plaintiff does not expressly allege Defendants' use was without consent.  The court looks to the License, attached to the Complaint, to determine the scope of Plaintiff's consent to Defendants' use.  During the term of the License,

> Licensee shall use the Marks only in connection with the operation of the Center pursuant to the System and the sale of the services and products licensed hereby, and only in the manner specified in this Agreement or the Operations Manual. Licensee's Center shall be operated under the Marks and under no other name or mark.  Licensee shall not use the Marks in connection with any services or products not specifically authorized by Licensor in writing.  . . .

(License ¶ 5.2.)  Upon termination,

> Licensee's right to use the Marks . . . shall cease and the following, as well as any other provisions of this Agreement relating to termination, shall apply:
> . . .
>     b.  Licensee shall immediately and permanently discontinue the use of the Marks . . ..

(License ¶ 14.5.)  Based on the foregoing provisions, regardless of whether Defendants' alleged infringement occurred before or after termination, Plaintiff's consent did not extend to Defendants' use of the registered marks "to facilitate their own separate transmission and auto care service business," as alleged in the Complaint.  Plaintiff therefore sufficiently alleged infringement of its registered marks.  Defendants' motion to dismiss is denied in this regard.

Based on the same arguments, Defendants argue Plaintiff's claims for unfair competition and false description under 15 U.S.C. § 1125(a) and for unfair competition under California law should also be dismissed.  Plaintiff incorporates into these claims all the allegations made in its section 1114 claim.  (Compl. ¶¶ 66, 72, 75.)  The California unfair competition claim is based on the section 1114 trademark infringement claim.  (*See id*. ¶¶ 67-71.)  As to the federal unfair competition claim, Plaintiff alleges in pertinent part:

> Defendants' use of the Lee Myles registered marks to promote, market or sell its services in direct competition with Plaintiff's franchise constitutes Unfair Competition pursuant to 15 U.S.C. § 1125(a).  [¶]  Defendants' use of the Lee Myles registered marks is likely to cause confusion, mistake and deception among consumers. . ..

(*Id*. ¶¶ 73, 74.)  As to the false description claim, Plaintiff alleged:

> Defendants' use of the Lee Myles name and trademark for the purpose of selling its services at Paul's Transmissions is likely to cause confusion, or to cause

07c813

1

> mistake, or to deceive consumers as to the affiliation, connection or associate [*sic*] of Plaintiff's services, or to deceive consumers as to the origin, sponsorship or approval of Defendants' services.

2

3   (*Id.* ¶ 76.)  To the extent these claims are based on allegations of the content of a third-party

4   website and Defendants' use of a phone number, they do not support any of the claims.  To the

5   extent they are based on Plaintiff's more general allegation that Defendants used Plaintiff's

6   marks "to facilitate their own separate transmission and auto care service business," they survive

7   Defendants' motion to dismiss.

8          Defendants contend Plaintiff does not allege fraud with sufficient specificity.  Plaintiff's

9   reliance in its opposition on California state law for the pleading specificity requirements is in

10   error.  "It is established law . . . that Rule 9(b)'s particularity requirement applies to state-law

11   causes of action."  *Vess*, 317 F.3d at 1103.  To comply with rule 9(b), "the circumstances

12   constituting fraud . . . shall be stated with particularity."  "A pleading is sufficient under rule

13   9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an

14   adequate answer from the allegations."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531,

15   540 (9th Cir. 1989).  In this regard, it is sufficient to plead items such as the time, place and

16   nature of the alleged fraudulent activities.  *Id.*  The particularity pleading requirement does not

17   apply to reasonable reliance or other elements of fraud.  *See* Fed. R. Civ. P. 9(b) ("condition of

18   mind of a person may be averred generally"); William W. Schwarzer *et al.*, *Fed. Civ. P. Before*

19   *Trial* ¶8:44.1 (2007).

20          Defendants argue the complaint does not state what Defendants' specific representations

21   were, who made them, and how or they were made.  Generally, Rule 9(b) requires a plaintiff to

22   attribute particular fraudulent statements or acts to individual defendants.  *Moore*, 885 F.2d at

23   540.  However,

24

> the rule may be relaxed as to matters within the opposing party's knowledge.  For example, in cases of corporate fraud, plaintiffs will not have personal knowledge of all the underlying facts. . . . Instances of corporate fraud may also make it difficult to attribute particular fraudulent conduct to each defendant as an individual.  To overcome such difficulties in cases of corporate fraud, the allegations should include the misrepresentations themselves with particularity and, where possible, the roles of the individual defendants in the misrepresentations.

25

26

27

28

07c813

1     *Id.* Defendants agree that this is a case of alleged corporate fraud. (Reply at 6.)

2        In pertinent part, Plaintiff alleges:

3        Defendants . . . represented to Plaintiff that Defendants intended to contract with
Plaintiff for the purpose of gaining the right to own and operate a Lee Myles

4        franchise. [¶] . . . [T]he representations made by Defendants were false and
known by Defendants to be false at the time, in that Defendants intended to

5        contract with Plaintiff only for the purpose of obtaining Plaintiff's knowledge,
experience and expertise in the operation of a transmission services business.

6        Moreover, Defendants intended to end the contractual relationship with Plaintiff
once they were provided with the necessary training, information, technology and

7        supplies to operate a transmission service business on their own.

8 (Compl. ¶¶ 52, 53.) The court finds the fraudulent statement and the circumstances under which

9 it was made are sufficiently alleged under Rule 9(b); however, Plaintiff should identify the

10 individual or individuals making the statement by alleging, where possible, the roles of the

11 individual defendants in the misrepresentation. Accordingly, Defendants' motion to dismiss is

12 granted with leave to amend.

13        Defendants also move to strike Plaintiff's demand for punitive damages to the extent it is

14 based on the allegations of fraud. Because Plaintiff's motion to dismiss the fraud claim is

15 granted with leave to amend, the motion to strike punitive damages is denied as premature,

16 without prejudice to renewing it in response to the first amended complaint.

17        Defendants next move to strike pursuant to Rule 12(f) Plaintiff's demands for liquidated

18 damages and restitution of profits. Pursuant to Rule 12(f), "the court may order stricken from

19 any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

20 matter." A motion to strike may be used to strike any part of the prayer for relief when the

21 damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F. Supp.

22 1450, 1479 n.34 (C.D. Cal. 1996).

23        Defendants challenge Plaintiff's demand for restitution of profits on its unfair competition

24 claim under California Unfair Competition Law ("UCL"). Specifically, Plaintiff demands

25 "restitutionary damages representing the amount Defendants have been unjustly enriched

26 through Defendants' unauthorized use of Plaintiff's name and trademark . . .." (Compl. at 22.)

27 The remedies available to individual plaintiffs for unfair competition are limited to restitution

28 and injunctive relief. *Cel-Tech Cmmc'n*, 20 Cal.4th 163, 179 (1999); *Madrid v. Perot Sys.*

07c813

1  *Corp.*, 130 Cal. App. 4th 440, 452 (2005), citing Cal. Bus. & Prof. Code §§ 17203, 17206.  "The
2  concept of restoration or restitution, as used in the UCL, is not limited only to the return of
3  money or property that was once in the possession of that person.  Instead, restitution is broad
4  enough to allow a plaintiff to recover money or property in which he or she has a vested
5  interest." *Korea Supply Co.*, 29 Cal.4th at 1149 (internal quotation marks and citation omitted);
6  *Juarez v. Arcadia Fin., Ltd.*, 152 Cal. App. 4th 889, 914-18 (2007) and cases discussed therein.
7  Disgorgement of profits earned by defendants as a result of allegedly unfair practices, where the
8  money sought to be disgorged was not taken from the plaintiff and the plaintiff did not have an
9  ownership interest in the money, is not authorized by the UCL.  *Korea Supply Co.*, 29 Cal.4th at
10  1143-53.

11       The Complaint does not allege that Plaintiff seeks the return of any money or other
12  property Defendants obtained from Plaintiff or in which Plaintiff had a vested interest.  It alleges
13  that Defendants unjustly earned money from their customers by unlawfully using Plaintiff's
14  marks.  Accordingly, Defendants' motion to strike Plaintiff's demand for "restitutionary
15  damages" for unfair competition under the UCL (Compl. at 22) is granted.

16       Defendants also challenge Plaintiff's demand for liquidated damages.  Plaintiff demands
17  liquidated damages for breach of contract under Paragraph 14.7 of the License.  (Compl. ¶ 27, p.
18  20,  License ¶ 14.7; Opp'n to Mtn to Strike at 4-5.)  Defendants point to the language of the
19  License, which provides that "in the event this Agreement is terminated prior to its expiration by
20  Licensor for cause, Licensor shall be entitled to recover from Licensee [liquidated damages]."
21  (License ¶ 14.7.)  Accordingly, the liquidated damages provision applies when Plaintiff
22  terminates the License with Defendants for cause.  Under the terms of the License, Plaintiff must
23  give written notice to terminate for cause.  (License ¶¶ 14.2 - 14.5.)  The Complaint does not
24  allege Plaintiff terminated the License or that it demands termination of the License in this
25  action.  Defendants' motion to strike is therefore granted with respect to the demand for
26  liquidated damages, and Plaintiff is granted leave to amend.
27  / / / / /
28  / / / / /

07c813

1       For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

2       1.  Defendants' motion to dismiss is **GRANTED** with respect to the fifth cause of action

3   for fraud and **DENIED** in all other respects.

4       2.  Defendants' motion to strike is **GRANTED** to the extent:

5           a.  Plaintiff's demand "[f]or restitutionary damages representing the amount

6   Defendants have been unjustly enriched through Defendants' unauthorized use of Plaintiff's

7   name and trademark in an amount to be proven at trial" to the extent it relates to the seventh

8   cause of action for unfair competition under Business and Professions Code § 17200 *et seq*. only

9   is stricken.  Specifically, the court strikes from the Complaint lines 8 and 9 from Paragraph 70.

10          b.  Plaintiff's demand "[f]or damages calculated according to the liquidated

11  damages provision of the license agreement" with respect to the first cause of action for breach

12  of contract is stricken.  Specifically, the court strikes Paragraph 27, with the exception of the

13  first sentence, and Item 1 of the Prayer for Relief as to the First Cause of Action.

14          c.  In all other respects, Defendants' motion to strike is **DENIED**.

15      3.  Plaintiff is **GRANTED LEAVE TO AMEND**.  An amended complaint must be filed

16  and served no later than **March 28, 2008**.

17      **IT IS SO ORDERED**.

18

19  DATED:  March 11, 2008

20                                      _____

21                                      M. James Lorenz
                                    United States District Court Judge

22  COPY TO:

23  HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

24  ALL PARTIES/COUNSEL

25

26

27

28

                            14